IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:18-cv-

FRANCO CAMPANA,

    Plaintiff,

v.

ALLSTATE INDEMNITY COMPANY,

    Defendant.

## NOTICE OF REMOVAL

The Defendant, Allstate Indemnity Company ("Allstate"), through its attorneys, Tucker Holmes, P.C., pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby submits the following Notice of Removal to the United States District Court for the District of Colorado. In support thereof, Allstate states as follows:

1.    On July 26, 2018, the CT Corporation, as registered agent for Allstate, was served with Plaintiff's Complaint filed in the District Court, Arapahoe County, State of Colorado, captioned, *Franco Campana v. Allstate Indemnity Company*, case number 2018CV031774. (See, *Complaint*, attached hereto as **Exhibit A**.)

2.    Plaintiff, Franco Campana (hereinafter "Campana"), filed his Complaint in Arapahoe County District Court on or about July 26, 2018.

3.    At all relevant times, Campana was a citizen of the State of Colorado. (See **Exhibit A**, ¶ 1.)

4.      A copy of the Summons and Civil Case Cover Sheet served on Allstate are attached hereto as **Exhibit B** and **Exhibit C**.

5.      At all relevant times, Allstate was a foreign corporation, incorporated in, and with its principal place of business in the State of Illinois. Allstate is now and was at all relevant times a citizen of the State of Illinois for purposes of diversity jurisdiction.

6.      The underlying event for this case is a motor vehicle accident involving Campana on August 10, 2017. (See **Exhibit A,** ¶¶ 3-11; hereinafter "the Accident"). Campana alleges that he was travelling southbound on South Broadway, in Arapahoe County, when Tyler Lundstrom driver failed to yield while attempting a left turn and struck Plaintiff's vehicle. (See **Exhibit A,** ¶¶ 5-11.)

7.      Campana claims he is entitled to be compensated for all damages he has incurred, including pain, suffering, loss of enjoyment of life, loss of earnings and earning capacity, permanency and/or impairment, and disability. (See, **Exhibit A**, ¶ 48)

8.      When the complaint itself does not set forth the amount of damages, the defendant must establish the amount in controversy by a preponderance of the evidence. *WBS Connect, LLC v. One Step Consulting, Inc*. L 4268971, 2 -3 (D.Colo. 2007). Defendants must set forth in the notice of removal the underlying facts that demonstrate that the amount in controversy is greater than $75,000. *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995).

9.       Besides the Complaint, there is other documentation a defendant may rely on for the basis of jurisdiction. *McPhail v. Deere & Co.,* 529 F.3d 947, 956 (10th Cir. 2008). A plaintiff's proposed settlement demand is reasonable evidence of the amount in controversy if it reflects a reasonable estimate of plaintiff's claim. *Id*. While the use of a settlement demand at

trial is impermissible, the court may consider such a demand when deciding this jurisdictional question. *Id*.

10. The Complaint asserts that Campana has incurred over $31,000 in medical bills, with treatment ongoing. (See, **Exhibit A**, ¶ 26.) Plaintiff also claims non-economic damages, including pain, suffering, loss of enjoyment of life, loss of earnings, loss of earning capacity, impairment, and disability. (**Exhibit A**, ¶ 48)

11. Campana's Allstate Policy has UIM limits of $25,000 per person/$50,000 per accident.

12. Campana and Allstate do not agree on the value of his claim for UIM benefits.

13. In his Complaint, in addition to his claimed injuries and damages set forth above, Campana also seeks expert witness fees and the expenses incurred in investigation and discovery required to present Plaintiff's claims, attorney fees and interest from the time of the occurrence, and post-judgment interest at the requisite rate. (See, **Exhibit A**, "Wherefore Clause," p. 4.)

14. Pursuant to the Colorado Court of Appeals case, *Hansen v. American Family Mut. Ins. Co.*, *Hansen v. Am. Fam. Mut. Ins. Co.*, 383 P.3d 28 (Colo. App. 2013), *rev'd on other grounds,* 375 P.3d 115 (Colo. 2016), if Plaintiff proves his damages are equal to or exceed his $25,000 policy limits, and those benefits were unreasonably delayed or denied, he is entitled to collect the policy limits of $25,000, plus two times the covered benefit, equaling a total of $75,000. Thus, pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116, Plaintiff's allegation that Defendant has delayed or denied the payment of benefits without a reasonable basis meets the jurisdiction threshold on its own.

15. Attorney's fees may be used in calculating the necessary jurisdiction amount in a

removal proceeding when recovery is permitted by statute. *See*, *Jones v. American Bankers Ins. Co. of Florida*, 2011 WL 2493748, *4 (D.Colo. 2011).

16. Plaintiff's Civil Case Cover Sheet also indicates his claim seeks a monetary judgment for more than $100,000.00 against another party, including any attorney fees, penalties or punitive damages, but excluding interest and costs. (See, **Exhibit C**, District Court Civil Case Cover Sheet.) The Tenth Circuit has held that the District Court Civil Case Cover Sheet is sufficient to give notice that the amount in controversy exceeds $75,000. *Paros Properties LLC v. Colorado Cas. Ins. Co.*, No. 15-1369, 2016 WL 4502286, at *6 (10th Cir. Aug. 29, 2016) ("There is no ambiguity in the cover sheet. And we see no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding (whether or not simplified procedures will apply).")

17. Once the facts have been established, uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal. Only if it is 'legally certain' that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendants) will be less than the jurisdictional floor, may the case be dismissed. *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006)).

18. Pursuant to 28 U.S.C. § 1332, this Court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest, and is between citizens of different states."

19. Further, 28 U.S.C. § 1332(c)(1) provides that "a corporation shall be deemed to

be a citizen of any State by which it has been incorporated and of the state where it has its principal place of business . . . ."

20.     Jurisdiction of this Court is properly based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

21.     Since Plaintiff's Complaint was served on July 26, 2018, the time period for allowance of removal has not expired.  The Return of Service is attached as **Exhibit D**.

**WHEREFORE**, Defendant requests that the above-entitled action be removed from the Arapahoe County District Court to the United States District Court of Colorado.

DATED:  August 16, 2018

Respectfully submitted,

By: *s/ Kurt H. Henkel*
Kurt H. Henkel
Winslow R. Taylor, III
TUCKER HOLMES, P.C.
Quebec Centre II, Suite 300
7400 East Caley Avenue
Centennial, CO  80111-6714
Phone:  (303) 694-9300
Fax:  (303) 694-9370
E-mail: khh@tucker-holmes.com; wrt@tucker-holmes.com
*Attorneys for Allstate Indemnity Company*

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2018, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

DezaRae D. LaCrue
Franklin D. Azar & Associates, P.C.
14426 East Evans Avenue
Aurora, CO 80014
lacrued@fdazar.com

*The duly signed original held in the file located at Tucker Holmes, P.C.*

  */s/ Peggy Schroeder*
Peggy Schroeder, Legal Assistant