| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, COLORADO<br><br>Court Address: 7325 S. Potomac Street<br>            Centennial, CO 80112 | DATE FILED: July 26, 2018 9:08 AM<br>FILING ID: 55D3B952AF3A0<br>CASE NUMBER: 2018CV31774 |
| Plaintiff:   Franco Campana<br><br>v.<br><br>Defendant:  Allstate Indemnity Company | ▲COURT USE ONLY▲ |
| Attorneys for Plaintiff:<br>DezaRae D. LaCrue , #40290<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Avenue<br>Aurora, CO 80014<br>Telephone: 303-757-3300<br>Facsimile: 303-757-3206<br>E-Mail:  lacrued@fdazar.com | Case Number:<br><br>Division/Ctrm: |
| **COMPLAINT FOR DAMAGES AND JURY DEMAND** ||

    COMES NOW Plaintiff, Mr. Franco Campana, by and through his attorney, DezaRae D. LaCrue, Esq., of the law firm of Franklin D. Azar and Associates, P.C., for his Complaint against the Defendant. Plaintiff states and alleges as follows:

### GENERAL ALLEGATIONS

1. Plaintiff is an individual and resident of the State of Colorado.

2. Defendant Allstate Indemnity Company (hereafter, "Allstate") is a corporation doing business in the State of Colorado.

3. Venue is proper in this action pursuant to C.R.C.P. 98 because the tortious conduct upon which this Complaint is base was committed with Arapahoe County, State of Colorado.

4. This Court has jurisdiction over this matter pursuant to C.R.S. § 13-1-124.

EXHIBIT A

5. On or about August 10, 2017, Mr. Andrew Lundstrom's failure to yield the right of way caused Mr. Campana to strike Mr. Lundstrom's vehicle.

6. On the date in question, Mr. Campana was traveling southbound on South Broadway, in the outside lane.  Mr. Lundstrom was traveling in the opposite direction.

7. Mr. Lundstrom slowed to make a left-hand turn into the parking lot of 5501 South Broadway.

8. As he did, the inside and middle lanes of the traffic in the direction Mr. Campana traveled stopped.

9. The outside lane, in which Mr. Campana traveled did not stop.

10. Mr. Lundstrom crossed in front of the stopped traffic of the inside and middle lanes but failed to yield to the oncoming traffic of the outside lane.

11. The result of Mr. Lundstrom's failure to yield was the front of Mr. Campana's vehicle striking the side of Mr. Lundstrom's vehicle.

12. On or about August 10, 2017, Mr. Lundstrom was negligent and caused the collision with Mr. Campana.

13. On or about August 10, 2017, Mr. Campana suffered injuries because of the collision.

14. On or about August 10, 2017, USAA Property and Casualty Insurance Company (hereafter "USAA") insured Mr. Lundstrom for liability insurance, with limits of $50,000 per person.

15. USAA offered Mr. Campana a settlement for its limits of liability.

16. Mr. Lundstrom was underinsured with respect to Mr. Campana's injuries, damages and losses.

17. On or about April 12, 2018, Defendant Allstate gave permission for Mr. Campana to settle with USAA.

18. Mr. Campana was not negligent on the occasion in question.

19. No third party caused, or contributed to the cause, of the accident and/or Mr. Campana's injuries, damages and losses.

20. Following the collision, and after visiting several doctors, Mr. Campana has been diagnosed with post concussive syndrome, foraminal stenosis, and brachial plexus disorders.

21. Mr. Campana's has limited surgical options to manage his pain.

22. Mr. Campana has suffered physical impairment.

23. Mr. Campana's injury to his back affects his ability to work and will result in loss of earning capacity and lost wages in the future.

24. Mr. Campana submitted his claim to Allstate in a timely manner.

25. Mr. Campana has cooperated with Allstate's investigation of his claim.

26. Mr. Campana's medical bills total more than $31,000 and he is still treating for his injuries.

27. Allstate has reduced Mr. Campana's medical bills in an unreasonable unlawful manner.

28. Allstate knowingly reduces medical bills in an effort to avoid paying compensation to their insureds. This is a standard policy at Allstate, which violates Colorado law.

29. Allstate has failed to reasonably investigate Mr. Campana's claim.

30. Allstate has failed to pay benefits owed to Mr. Campana.

31. Allstate believes Mr. Campana was fully compensated by the settlement with USAA for $50,000.

32. No reservation of rights letter has been sent or provided to Mr. Campana.

33. Mr. Campana has complied with the conditions precedent in his contract with Allstate.

34. Allstate has not requested that Mr. Campana undergo an IME.

35. Allstate has not consulted any medical expert for an opinion regarding Mr. Campana's injuries.

36. Allstate does not dispute that Mr. Campana was injured in the collision.

37. Allstate does not dispute the nature and extent of Mr. Campana's injuries.

38. If Allstate disputes Mr. Campana's injuries, it has failed to make Mr. Campana aware of this dispute. This failure to tell Mr. Campana about the dispute violates Colorado law and insurance regulations.

39. Allstate has failed to make a reasonable offer to Mr. Campana for his underinsured motorist benefits.

40. Allstate's incomplete investigation has resulted in the delayed payment of underinsured motorist benefits to Mr. Campana.

41. Allstate has not paid any underinsured motorist benefits to Mr. Campana.

42. Allstate's failures in Mr. Campana's case do not meet the standard set forth in Allstate's own claim handling manual.

43. Allstate has failed to comply with Colorado's Unfair Claims Settlement Practices Act.

**FIRST CLAIM FOR RELIEF**
**(BREACH OF CONTRACT-UIM BENEFITS)**

44. Plaintiff incorporates all prior allegations as though fully set forth herein.

45. Sometime prior to the accident, Plaintiff, entered into a contract with Defendant Allstate for the purpose of obtaining automobile insurance, which policy includes coverage for claims involving under-insured motorists.

46. Plaintiff has advised Defendant Allstate of a claim for under-insured motorist benefits for this incident under its policy of insurance, and otherwise fully cooperated with Defendant Allstate in connection with the claim.

47. Plaintiff is an intended beneficiary of Defendant Allstate's insurance policy/contract and is therefore entitled to enforce its terms.

48. Plaintiff is entitled to be compensated by Defendant Allstate for all damages he has incurred, including significant medical bills and other expenses, pain, suffering, loss of enjoyment of life, loss of earnings and earning capacity, permanency, physical impairment, and disability under the under-insured motorist coverage of the policy.

**SECOND CLAIM FOR RELIEF**
**(FIRST PARY STATUTORY CLAIM**

**UNDER C.R.S. § 10-3-1116)**

49. Plaintiff incorporates all prior allegations as though fully set forth herein.

50. Defendant Allstate has denied and delayed payment of under-insured motorist benefits to Plaintiff without a reasonable basis for its action.

51. Defendant Allstate's unreasonable position and conduct has caused Plaintiff damage by the loss of the compensation that is due to him and which Defendant should have previously paid to him.

52. In accordance with C.R.S. §10-3-1116, Plaintiff is entitled to recover from Defendant Allstate two times the covered under-insured motorist benefits plus reasonable attorney's fees and court costs.

**THIRD CLAIM FOR RELIEF**
**(BAD FAITH)**

53. Plaintiff incorporates all prior allegations as though fully set forth herein.

54. Defendant Allstate owed Plaintiff a duty to act in good faith in reviewing, adjusting and settling his claims.

55. Defendant Allstate breached its duties to its insured, and acted in bad faith, through its conduct as described above and by engaging in the following, among other acts:

   a. Compelling this Plaintiff to institute litigation to recover amounts due him under the under-insured motorist bodily injury liability benefits afforded Plaintiff under the insurance policy;

   b. Favoring the interests of Allstate, an insurer, over those of Plaintiff, an insured, to whom Defendant Allstate owes fiduciary and statutory duties;

   c. Failing or delaying payment of reasonable compensation for the injuries, damages, and losses Plaintiff suffered at the hands of an under-insured motorist;

   d. Failing to investigate Plaintiff's medical expenses and lost wages or earning capacity;

   e. Failing to consider the full amount of Plaintiff's medical bills; and

   f.  Incompetently evaluating Plaintiff's claim.

56. Defendant Allstate's actions were unreasonable.

57. Defendant Allstate knew its conduct was unreasonable or disregarded the fact that its conduct was unreasonable.

58. As a direct result of Defendant Allstate's breaches of its duties to its insured, Plaintiff has been damaged including, but not necessarily limited to:

   a.  Being forced to incur additional costs in litigation;

   b.  Enduring the emotional trauma of being unnecessarily involved in a lawsuit with defendant; and

   c.  Being deprived of the use of funds that would otherwise be used for such things as medical treatment and for lost wage coverage which should have been paid by now.

  WHEREFORE, Plaintiff prays for judgment against Defendant for all general damages, economic damages, all statutory and necessary costs including, but not limited to, expert witness fees and the expenses incurred in investigation and discovery required to present Plaintiff's claims, attorney fees and interest from the time of the occurrence, post-judgment interest at the requisite rate, and for such other and further relief as this Court shall deem proper, just, and appropriate under the circumstances.

  PLAINTIFF REQUESTS A JURY OF SIX.

  Respectfully, submitted this 25th day of July, 2018.

            FRANKLIN D. AZAR & ASSOCIATES, P.C.
            By: */s/ DezaRae D. LaCrue*
            DezaRae D. LaCrue, #40290
            Counsel for Plaintiff

**Plaintiff's Address:**
**4829 Halifax Way**
**Denver, Colorado 80249**